## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 11:00 am, Apr 02, 2018

DARRELL T. PRICE,

        Petitioner,

    v.

GEORGIA DEPARTMENT OF
CORRECTIONS; GREG DOZIER; COFFEE
CORRECTIONAL FACILITY; WARDEN
HILTON HALL; KEITH W. DAY; JUDGE
R.J. LANE; SHERIFF WILLIAM PRICE;
SHERIFF VICTOR HILL; and CORE CIVIC,

        Respondents.

CIVIL ACTION NO.: 5:18-cv-2

---

### ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Petitioner's failure to comply with the Court's Order of February 26, 2018, (doc. 4), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Petitioner's claims for failure to follow the Court's directive and failure to prosecute, **DISMISS as moot** Petitioner's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Petitioner leave to appeal *in forma pauperis*.

### BACKGROUND

On January 16, 2018, Petitioner, proceeding *pro se*, filed a putative 42 U.S.C. § 1983 Complaint, seeking the correction of his sentence computation and immediate release from confinement. (Doc. 1, p. 10.) Petitioner attacked a conviction obtained in the Superior Court of Early County, Georgia, and alleged he was arrested and detained without due process. (<u>Id.</u> at pp.

7–8.)  That being the case, the Court construed Petitioner's pleading as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §§ 2241 and 2254.  (Doc. 4.)  The Court directed Petitioner to give notice within fourteen (14) days whether he wanted to voluntarily dismiss or proceed with his case as a habeas action and notified him that his case was due to be transferred to the Middle District of Georgia, where Petitioner was convicted, should he so choose.  (Id. at pp. 3–5.)  Further, the Court forewarned Petitioner that it would dismiss his case without prejudice if he failed to timely advise of his intention to proceed or not.  (Id. at p. 4.)  Petitioner, however, has not responded.

## DISCUSSION

### I.   Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), ("Rule 41(b)"), and the court's inherent authority to manage its docket.[1]  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192

---

[1]  Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the Section 2254 Rules may be applied to Section 2241 petitions.  Additionally, pursuant to Rule 12 of the Section 2254 Rules, the Federal Rules of Civil Procedure may apply to a habeas petition, to the extent the Civil Rules are not inconsistent with the Section 2254 Rules.

[2]  In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Petitioner that has case would be dismissed if he failed to respond to the Court's Order.  (Doc. 4.)

(11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, Petitioner's delay and disregard in this action warrant dismissal of his case without prejudice. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended

3

complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); <u>Brown</u>, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite being directed to inform the Court whether he wished to proceed with his case as a habeas action, Petitioner failed to file any responsive pleading.  The Court specifically warned Petitioner that his failure to timely advise the Court whether he wished to proceed with his case would result in dismissal without prejudice.  Moreover, Petitioner has not taken any action in this case in over two months.  Thus, it is clear that Petitioner has ignored his obligations to prosecute this case and to follow this Court's directives.

Accordingly, the Court should **DISMISS without prejudice** Petitioner's case for failure to prosecute and failure to follow this Court's Order.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Petitioner leave to appeal *in forma pauperis*.  Though Petitioner has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  <u>See</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. County of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v.</u>

United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Petitioner's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Petitioner *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Petitioner's claims for his failure to follow the Court's directive and failure to prosecute, **DISMISS as moot** Petitioner's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.  I also **RECOMMEND** the Court **DENY** Petitioner leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court is to serve a copy of this Report and Recommendation upon Petitioner.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of April, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA